**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

KEVIN CROSIER,

                                        Plaintiff,                    1:25-cv-00866 (AMN/PJE)

v.

TOWN OF BERNE, NEW YORK,

                                        Defendant.
_____

**APPEARANCES:**                                        **OF COUNSEL:**

**LUIBRAND LAW FIRM, PLLC**                    **KEVIN A. LUIBRAND, ESQ.**
950 New Loudon Road
Latham, New York 12110
_Attorneys for Plaintiff_

**JOHNSON & LAWS, LLC**                         **GREGG T. JOHNSON, ESQ.**
646 Plank Road – Suite 205                      **OLIVIA G. REINHARDT, ESQ.**
Clifton Park, New York 12065
_Attorneys for Defendant_


**Hon. Anne M. Nardacci, United States District Judge:**

                                        **ORDER**

## I.      INTRODUCTION

On July 1, 2025, the Town of Berne ("Defendant") removed this case to federal court based

on federal question jurisdiction.  Dkt. No. 1.  Currently before this Court is Plaintiff's motion to

remand, Dkt. No. 4, Defendant's response, Dkt. No. 9, and Plaintiff's reply, Dkt. No. 10.

For the reasons set forth below, the Court hereby remands this action.

## II.     BACKGROUND

On December 11, 2023, Plaintiff filed a Complaint with the Supreme Court of the State of

New York, Albany County alleging violations of Plaintiff's freedom of speech during a public

hearing held by the Board of the Town of Berne on February 20, 2023.  Dkt. Nos. 1-2 and 4-2.  In the Complaint, Plaintiff alleges two causes of action in connection with the purported denial of Plaintiff's right to free speech—the first under the New York State Constitution and the second under the First Amendment.  Dkt. No. 4-2 at 4-5.[1]  Plaintiff served Defendant with the original Summons and Complaint on December 18, 2023.  Dkt. No. 4-4.

On June 27, 2025, Plaintiff filed a motion for leave to amend his original Complaint and attached a Proposed Amended Complaint to the motion.  Dkt. No. 1-1.  The Proposed Amended Complaint retains the same two causes of action but adds (i) references to 42 U.S.C. § 1983 as the statutory basis for Plaintiff's cause of action under the First Amendment; (ii) certain allegations to establish municipal liability under Section 1983; and (iii) a reference to 42 U.S.C. § 1988 in relation to Plaintiff's demand for attorneys' fees.  *See generally* Dkt. No. 4-3.

On July 1, 2025, Defendant removed the case to the Northern District of New York.  Dkt. No. 1.  On July 7, 2025, Plaintiff filed a motion to remand to state court.  Dkt. No. 4.  In short, Plaintiff argues that this case must be remanded to state court because Defendant's motion to remove is untimely under with 28 U.S.C. § 1446(b)(1).  *See* Dkt. No. 4-5 at 6-9.  Specifically, Plaintiff argues that the original Complaint was removable because it contained a First Amendment cause of action, which confers subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  *Id.* at 8.  Therefore, Defendant's right to file a notice of removal expired on January 17, 2024, thirty days after the original Complaint was served upon Defendant.  *Id.*  Conversely, Defendant contends that it timely exercised its right to remove because Plaintiff's original Complaint did not adequately allege subject matter jurisdiction.  *See* Dkt. No. 9 at 13-21.  Specifically, Defendant argues that,

---

[1] Citations to court documents utilize the pagination generated by CM/ECF docketing system and not the documents' internal pagination, where available.

since Plaintiff seeks monetary damages, in order to establish subject matter jurisdiction, Plaintiff

must reference 42 U.S.C § 1983 or 42 U.S.C. § 1988, together with an alleged violation of the First

Amendment, because the First Amendment does not provide a private cause of action to recover

monetary damages. *See id.* at 20-21.

### III.    STANDARD OF REVIEW

On a motion for remand, "the district court accepts as true all relevant allegations contained

in the complaint and construes all factual ambiguities in favor of the plaintiff." *Winnie v. Sinagra*,

No. 24-cv-940, 2024 WL 4534054, at *2 (N.D.N.Y. Oct. 21, 2024) (citation omitted). "[T]he party

seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating

that removal was proper." *Id.* (quoting *Pate v. City of Rochester*, 579 F. Supp. 3d 417, 420

(W.D.N.Y. 2022)).

Removal is proper for any civil action brought in state court over which "the district courts

of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal may be premised

on federal question or diversity jurisdiction. *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699,

704 (2d Cir. 2019); *see also id.* Federal question jurisdiction is governed by "the 'well-pleaded

complaint rule,' which provides that federal jurisdiction exists only when a federal question is

presented on the face of the plaintiff's properly pleaded complaint." *Whitehurst v. 1199SEIU

United Healthcare Workers E.*, 928 F.3d 201, 206 (2d Cir. 2019) (quoting *Caterpillar, Inc. v.

Williams*, 482 U.S. 386, 392 (1987)). "The pleading must recite all the facts necessary to support

removal, and defendants need not embark on an investigation to discover jurisdictional facts

outside the four corners of the pleading." *Casale v. Metro. Transp. Auth.*, No. 05-cv-4232, 2005

WL 3466405, at *4 (S.D.N.Y. Dec. 19, 2005) (citing *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d

196, 206 (2d Cir. 2001)). This inquiry is limited to reviewing only the plaintiff's original causes

of action to ascertain whether they include a federal question, while ignoring all answers, defenses, and counterclaims.  *See Deutsche Bank Nat'l Trust Co. v. LeTennier*, No. 24-cv-564, 2024 WL 3043429, at *2 (N.D.N.Y. June 18, 2024) (citation omitted).

"A case is removable when the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading[.]"  *Whitaker*, 261 F.3d at 205-06 (internal quotation marks and citations omitted).  If an initial pleading is removable, the notice of removal must be filed within thirty days after the defendant's receipt of a copy of the initial pleading, or within thirty days after the service of summons upon the defendant, whichever is shorter.  *See* 28 U.S.C. § 1446(b)(1).  "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  "The thirty-day window for removal . . ., while not jurisdictional, is rigorously enforced by courts absent a finding of waiver or estoppel."  *Allen v. Cnty. of Cayuga*, No. 17-cv-18, 2017 WL 11713486, at *2 (N.D.N.Y. Mar. 20, 2017) (internal quotation marks, citations, and brackets omitted).

## IV.    DISCUSSION

### A.  Timeliness of Removal

First, the Court considers whether Defendant's removal of this case to federal court was timely under 28 U.S.C. § 1446(b).  Where there is no diversity of citizenship, as is the case here, federal question jurisdiction is required.  *See Caterpillar*, 482 U.S. at 392.  "[F]ederal courts have subject-matter jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'"  *Solomon v. St. Joseph Hosp.*, 62 F.4th 54, 63 (2d Cir. 2023) (quoting 28 U.S.C. § 1331).  It is well established that "[a] single claim over which federal-question jurisdiction

exists is sufficient to allow removal." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005)). In this matter, the question of whether removal was timely hinges on whether Plaintiff presented a federal question on the face of his original Complaint.

Here, federal question jurisdiction exists on the face of Plaintiff's original Complaint. The original Complaint asserts two causes of action, the second of which alleges a "[d]enial of Plaintiff's [r]ight to [f]ree [s]peech [u]nder the First Amendment of the United States Constitution." Dkt. No. 4-2 at 4. The Complaint specifically alleges that "Plaintiff is entitled to the freedom of speech under the First Amendment of the United States Constitution" and Defendant "violat[ed] Plaintiff's First Amendment rights" by preventing Plaintiff from speaking at a public hearing. *Id.* ¶¶ 29-30. Plainly, Plaintiff's original Complaint asserts a First Amendment claim on its face. *Compare Lynch v. Cnty. of Herkimer*, No. 20-cv-63, 2020 WL 13915508, at *2 (N.D.N.Y. Mar. 27, 2020) (finding federal question jurisdiction where plaintiff alleged that defendants violated plaintiff's rights under the Eighth and Fourteenth Amendments) and *Shea v. Union Free Sch. Dist. of Massapequa*, 682 F. Supp. 2d 239, 241 (E.D.N.Y. 2010) (finding federal question jurisdiction where complaint referenced the Fourteenth Amendment and where "plaintiffs appear to assert a claim for damages for violations of . . . Fourteenth Amendment rights") *with Manning v. Cmty. Sols., Inc.*, No. 20-cv-337, 2021 WL 1186551, at *3 (D. Conn. Mar. 30, 2021) (concluding that defendants could not "intelligently ascertain" removability based on plaintiffs' original complaint, which broadly alleged, *inter alia*, violations of freedom of speech, freedom of association, and freedom from retaliation, but did not specify whether the causes of action arose under the First Amendment or under state constitutional provisions) *and Melillo v. Brais*, No. 17-cv-520, 2017 WL 2462822, at *2-3 (D. Conn. June 7, 2017) (concluding that defendant could not

5

"intelligently ascertain" removability based on the original complaint, which broadly alleged "invasion of privacy" and "violation of civil rights" without specifying whether those rights arose under the Fourth Amendment or the Connecticut Constitution).

Furthermore, Plaintiff's original complaint sufficiently pled a federal claim. Plaintiff need not expressly invoke 42 U.S.C. § 1983 to establish federal question jurisdiction. *See Shea*, 682 F. Supp. 2d at 241 (finding federal question jurisdiction based on alleged violations of Fourteenth Amendment rights, without explicit reference to Section 1983). For federal question jurisdiction to attach, the nature of the cause of action is controlling. *McClung v. Credit Acceptance Corp.*, No. 14-cv-1365, 2015 WL 5638223, at *3 (N.D.N.Y. Sept. 24, 2015) (citations omitted). Here, Plaintiff's second cause of action *is* federal in nature—Plaintiff alleges the denial of his freedom of speech under the First Amendment. *See* Dkt. No. 1-2 at 5. It is not a state court claim "recloaked in constitutional garb," in an attempt to confer federal jurisdiction. *See Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989). It also does not make mere mention of or fleeting reference to federal law. *Cf. Barash v. Ford Motor Credit Corp.*, No. 06-cv-6497, 2007 WL 1791656, at *4 (E.D.N.Y. June 20, 2007) (finding no federal question jurisdiction where complaint made no reference to federal law in its causes of action and sought damages on the basis of New York state law and only mentions federal claims or cases in the "Applicable Precedents" section of the complaint).

Accordingly, Plaintiff's original Complaint was removable beginning December 18, 2023, when it was served upon Defendant. *See* Dkt. No. 4-4. Defendant therefore had until January 17, 2024 to file a notice of removal. *See* 28 U.S.C. § 1446(b)(1). Because Defendant filed its notice of removal on July 1, 2025, *see* Dkt. No. 1, it is untimely. For these reasons, this case must be remanded to New York Supreme Court, Albany County. *See Abbo-Bradley v. City of Niagara Falls*, 73 F.4th 143, 146 (2d Cir. 2023) ("If a notice of removal is untimely, the case must be

remanded to the state court.") (citing 28 U.S.C. § 1447).

### B.  Just Costs and Actual Expenses

Finally, upon the granting of a motion to remand, the Court must consider whether Defendant's removal of this case to federal court entitles Plaintiff to "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The standard for awarding just costs and actual expenses turns on the reasonableness of the removal.  *Long Island Roller Rebels v. Blakeman*, No. 24-cv-2721, 2024 WL 1793635, at *3 (E.D.N.Y. Apr. 25, 2024) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin*, 546 U.S. at 141.  "Conversely, when an objectively reasonable basis exists, fees should be denied."  *Id.* (citations omitted).  "A basis for removal is objectively reasonable if the removing party had a colorable argument that removal was proper."  *Tamm Consulting v. Cincinnati Ins. Co.*, No. 18-cv-11415, 2020 WL 1144713, at *4 (S.D.N.Y. Mar. 9, 2020) (citation omitted), *aff'd*, 858 Fed. Appx. 412 (2d Cir. 2021).

"The Second Circuit has historically granted discretion to the district court in determining whether an award of attorney's fees is appropriate, requiring consideration of 'overall fairness given the nature of the case, the circumstances of remand, and the effect on the parties.'"  *Lanza v. Client Servs., Inc.*, No. 21-cv-6319, 2022 WL 17787465, at *5 (E.D.N.Y. Sept. 12, 2022) (quoting *Morgan Guar. Tr. Co. of N.Y. v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992)); *see also City of New York v. Exxon Mobil Corp.*, 154 F.4th 36, 47 (2d Cir. 2025) (quoting *Martin*, 546 U.S. at 140) ("The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the

opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when statutory criteria are satisfied.").

Here, Defendant lacked an objectively reasonable basis for removing this action in response to Plaintiff's Proposed Amended Complaint, long after the statutory deadline had passed and discovery in New York state court was nearly complete. *See* Dkt. No. 4-1 at 2, 4 (noting that the Parties conducted discovery for two years in state court, which included paper discovery, eight depositions, and a mediation). On its face, Plaintiff's original Complaint asserted a First Amendment claim, plainly satisfying the "well-pleaded complaint" rule. Defendant advanced arguments, without supporting caselaw, that the original Complaint lacked subject matter jurisdiction because Plaintiff did not explicitly reference 42 U.S.C. § 1983 or 42 U.S.C. § 1988. While perhaps not asserted in bad faith, Defendant's arguments have no basis in law. *See Morgan*, 971 F.2d at 923 (noting that Section 1447(c) makes no reference to the state of mind or intent of the party removing the action, focusing strictly on the absence of subject matter jurisdiction). Moreover, Defendant failed to respond to Plaintiff's arguments regarding whether an award of fees and costs is warranted.[2] By failing to respond, Defendant "effectively concedes" these arguments. *Burton v. Niagara Frontier Transp. Auth.*, No. 11-cv-971, 2013 WL 3423754, at *6 (W.D.N.Y. 2013) (citation omitted).

For these reasons, the Court, in its discretion, grants Plaintiff's request for just costs and actual expenses, including attorney fees, incurred by Plaintiff due to Defendant's removal.

---

[2] Defendant, in its memorandum of law in opposition to Plaintiff's motion to remand, included a subheading stating that, "Plaintiff's argument for fees and costs is frivolous as it is founded upon a fallacious premise and the Town's exercise of its statutory right of removal was proper." *See* Dkt. No. 9 at 21. Aside from the subheading, Defendant failed to put forth any argument with respect to just costs and actual expenses.

8

## V.     CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion to remand, Dkt. No. 4, is **GRANTED** with fees and costs; and the Court further

**ORDERS** that within fourteen (14) days from the date of this Order, Plaintiff shall submit an affidavit setting forth the fees and costs reasonably incurred in connection with its motion to remand, supported by documentation; and the Court further

**ORDERS** that this action be remanded to the Supreme Court of New York, Albany County, under Index No. 911855-23; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on the Parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 11, 2025
      Albany, New York

Anne M. Nardacci
U.S. District Judge